Jean Carolyn **DOTSON**

v.

**Amanda B. BLAKE, Dan Blake, and the Estate of Elvis C. Maddox, Sr., and Martin Manor Associates, Ltd.**

Supreme Court of Tennessee,
at Jackson.

Oct. 4, 2000.

Marianna Williams, Anthony Williams, Dyersburg, TN, for Defendant–Appellant, Martin Manor Associates, Ltd.

Donald E. Parish, Huntingdon, TN, for Plaintiff–Appellee, Jean Carolyn Dotson.

## OPINION

DROWOTA, J., delivered the opinion of the court, in which BIRCH, and BARKER, JJ., joined.

This is an appeal from the Circuit Court of Weakley County, which refused to permit the jury in a personal injury case to allocate fault to tortfeasors who successfully asserted a statute of repose defense. The Court of Appeals affirmed the trial court. We granted review to decide whether fault may be attributed to tortfeasors who cannot be held liable because of a statute of repose. After examining the record, considering the arguments of the parties, and analyzing the applicable law, we conclude that the courts below erred in not allowing fault to be assigned to the tortfeasors who successfully asserted a statute of repose to the claims against them. Accordingly, for the reasons explained hereafter, the lower courts are reversed.

On December 16, 1994, the plaintiff, Jean Dotson, was riding as a passenger in a car driven by Elvis Maddox. The car in which Dotson was riding was struck by a car driven by Amanda Blake and owned by Dan Blake. The accident occurred at the intersection of Harrison Road and the driveway of an apartment complex owned by the defendant, Martin Manor Associates, Inc. ("Martin Manor"). The Blake vehicle was traveling north on Harrison Road when it struck the Dotson vehicle as the Dotson vehicle was traveling south attempting a left turn across the northbound lane of Harrison Road into the apartment complex. The driveway to the apartment complex was located just over a hill which apparently restricted the sight distance of those traveling north on Harrison Road.

The plaintiff, who suffered severe injuries in the accident, filed a negligence suit against the Blakes and the Estate of Elvis Maddox.[1] The City of Martin was later named as a defendant after the Blakes filed an answer alleging that the negligence of the City caused or contributed to the plaintiff's injuries by maintaining a public road on a blind hill considering the speed and volume of traffic. Martin Manor, the entity that owned the apartment complex, was also added as a defendant. Martin Manor, in turn, asserted that its architectural firm, Hnedek, Bobo, Gooch and Associates ("Architect"), negligently designed the driveway on Harrison Road, and that its contractor, S. Webster Haining & Company ("Contractor"), negligent-

---

1. Maddox was injured in the accident and later died from his injuries.

ly constructed it. The plaintiff subsequently amended her complaint to add the Architect and Contractor as defendants. However, those defendants were later dismissed from the case because the plaintiff's claim against them was barred as a matter of law pursuant to a statute of repose. *See* Tenn.Code Ann. § 28–3–202 (imposing a four-year statute of repose on claims for deficiencies in the design, planning, supervision, or construction of improvements to real property).

Prior to trial, Martin Manor filed a motion requesting that the trial court allow the jury to attribute fault to the Architect and Contractor, who were no longer parties. The trial court denied the motion. Martin Manor also submitted a jury verdict form which included the attribution of fault to the Architect and Contractor. The form was not used at trial, and the judge refused to charge the jury regarding attribution of fault to nonparties. The judge did, however, give an instruction that the actions of the Architect and Contractor could be considered in determining whether the plaintiff met her burden of establishing Martin Manor's liability, but that fault could not be assessed against the Architect or Contractor because the claims against them were barred by the applicable statute of repose. The jury found in favor of the plaintiff and assigned 51 percent of the fault to Martin Manor and 49 percent to the City of Martin. Neither driver involved in the accident was assessed any fault. The plaintiff was awarded a judgment of $225,000.

After filing a notice of appeal, the City of Martin paid its portion of the judgment and was dismissed from the case. Similarly, the Blakes settled with the plaintiff after trial and were dismissed from the case. Thus, Martin Manor was the only party to pursue the case in the Court of Appeals and is the only defendant before this Court.

■ Relying on this Court's decisions in *Ridings v. Ralph M. Parsons Co.,* 914 S.W.2d 79 (Tenn.1996) and *Snyder v. LTG Lufttechnische GmbH,* 955 S.W.2d 252 (Tenn.1997), the Court of Appeals held that fault could not be attributed to tortfeasors who cannot be held liable due to a statute of repose.[2] Thus, the intermediate court affirmed the trial court's decision refusing to allow the jury to assess fault against the Architect and Contractor. We then granted review to decide whether a trier of fact should be permitted to consider the fault of tortfeasors who cannot be held liable because of a statute of repose.

■ After the Court of Appeals released its decision, this Court decided *Carroll v. Whitney,* 29 S.W.3d 14 (Tenn.2000). *Carroll* was a medical malpractice case in which a defendant physician sought to have the jury assess fault against physicians who were immune from suit because they were employees of the State. As in the present case, the Court of Appeals in *Carroll* relied on *Ridings* and *Snyder* and concluded that the jury should not have been permitted to apportion fault to the immune physicians. We reversed, and joined the majority of jurisdictions that permit the allocation of fault to all tortfeasors, even immune ones, who cause or contribute to the plaintiff's injuries. Specifically, we concluded that "when a defendant raises the nonparty defense in a negligence action, a trier of fact may allocate fault to immune nonparties." *Id.* at 17. The adoption of this rule in *Carroll* was driven by a desire to remain true to the guiding principle of comparative fault, which is to link liability with fault and thereby achieve the fairest result possible. *Id.* at 21. Nonetheless, we carved out an exception for those cases like *Ridings* and *Snyder* involving plaintiffs injured on the job who seek damages from tortfeasors other than the plaintiff's immune employ-

---

**2.** In *Ridings* and *Snyder* we held that fault could not be assessed against an immune employer in cases where an injured worker sought damages from a third party arising from a work-related injury.

er.[3] However, even in cases brought by employees against third parties, fault can still be assessed against others against whom the employee could not recover "for any reason." *Id.* at 19.[4]

■ Clearly, the rule adopted in *Carroll* controls the present case where the question is whether fault may be assessed against tortfeasors who are effectively immune from liability because of a statute of repose.[5] In order to achieve the fairest result possible by linking liability with fault, Martin Manor should have been permitted to argue that some or all of the fault should have been assessed against the Architect and Contractor. Otherwise, liability might be imposed disproportionately to fault, a result plainly inconsistent with our comparative fault scheme. *See Carroll* at 19. Treating this case any differently from *Carroll* would require drawing difficult and subtle distinctions, if not artificial ones, making for an unworkable standard in this important area of comparative fault. This we decline to do.

■ Accordingly, we hold that the trier of fact should be allowed to consider the fault of a tortfeasor who is protected from liability due to a statute of repose. The judgment of the Court of Appeals is reversed and the case remanded for a new trial. Costs of this appeal are taxed to the plaintiff.

HOLDER, J., filed a concurring opinion.

ANDERSON, C.J., filed a dissenting opinion.

**JANICE M. HOLDER, J., concurring.**

I concur in the result reached by the majority. I write separately to state the basis for my concurrence.

In *McIntyre v. Balentine*, 833 S.W.2d 52 (Tenn.1992), we adopted a modified system of comparative fault in which parties contributing to the plaintiff's injuries were to be held liable only to the extent of their relative percentages of fault. *Ridings v. Ralph M. Parsons Co.*, 914 S.W.2d 79 (Tenn.1996), highlighted the problems inherent in the application of *McIntyre* to workers who sustained employment-related injuries and who filed tort actions against persons other than their employers. These workers found themselves in a unique situation. They were subject to both the tort system's doctrine of comparative fault adopted by this Court and the workers' compensation system's doctrine of no-fault recovery created by the legislature.

A strict application of both of these doctrines would effect a double reduction of the plaintiff's tort damages that would not occur in any other area of the law. The first reduction, resulting from an application of *McIntyre*, would decrease the plaintiff's damages by the amount of fault attributable to (and therefore uncollectible against) the employer. The second reduction would occur when the employer exercised its statutory right of subrogation to collect the workers' compensation benefits paid to the employee. *See* Tenn.Code

---

**3.** The rationale for the exception was to prevent the employer's right of subrogation from effectively precluding the employee from recovering damages from other tortfeasors. *Carroll* at 21.

**4.** We gave the example of an employee who brings suit against two tortfeasors, one of whom successfully asserts a statute of limitations defense. We pointed out that under the rule adopted in *Carroll*, fault could be assigned to this nonparty, even though the plaintiff could not recover damages from the nonparty. *Carroll* at n. 6.

**5.** The running of a statute of repose nullifies both the remedy and the right and has the effect of barring a plaintiff's claim as a matter of law. *Wyatt v. A–Best Prod. Co., Inc.*, 924 S.W.2d 98, 102 (Tenn.Ct.App.1995). In fact, a statute of repose can bar a claim even before it accrues. *Id.* For this reason, the Court of Appeals in the present case found that the protection afforded by a statute of repose is functionally indistinguishable from the protection afforded by an immunity defense like that asserted in *Ridings* and *Snyder*.

Ann. § 50–6–112(c)(1).[1]

Our solution of the issue in *Ridings* was to preclude juries from considering the employer's fault. That holding ensures that workers will not suffer a double reduction of their awards. Precluding any mention of the employer by the manufacturer, however, could leave the manufacturer without the ability to explain events that occurred after the product left its control. In some cases, it would leave a manufacturer without any defense. In *Snyder v. LTG Lufttechnische GmbH*, 955 S.W.2d 252 (Tenn.1997), we attempted to cure that inequity by allowing a jury to consider the fault of the employer. We permitted the defendant to attempt to refute the plaintiff's contention that the defendant's product was the cause-in-fact of his injury.[2] The *Snyder* solution creates its own problems, however. We permit juries to hear evidence about an employer's fault but preclude those same juries from apportioning fault between the employer and the manufacturer. Instead, we permit the defendant to point to the employer as the "cause-in-fact" of the injury and to argue that the manufacturer should be absolved from *all* liability. This is an imperfect solution to a thorny problem.

Unfortunately, the rationale used in *Ridings* is so broad as to exclude from consideration of fault any person who could not be joined as a party. *See Ridings*, 914 S.W.2d at 81–82 ("The rationale of *McIntyre* postulates that fault may be attributed only to those persons against whom the plaintiff has a cause of action.... Consequently, only a non-party against whom the plaintiff has a cause of action can be made a party."). The solutions required by *Ridings* and *Snyder*, however, are not required outside the non-workers' compensation context. I therefore agree that the extension of the rules announced in those cases to other "immune" non-parties was totally unwarranted. In no other type of case are we faced with the clash of two distinct systems of recovery. In no other type of case does the plaintiff face the potential of a double reduction caused by both uncollectibility and subrogation. Extending *Ridings* and *Snyder* to cases involving other "immune" non-parties would be to apply an imperfect solution to a problem that simply does not exist.

The dissent characterizes the result in this case as a departure from our recently decided precedent and claims that we have thereby violated the doctrine of stare decisis. *See also Carroll v. Whitney*, 14 S.W.3d 29 (Tenn.2000) (Anderson, C.J., dissenting on same grounds). I cannot agree. As stated above, the rules in *Ridings* and *Snyder* remedied specific problems arising from a clash between comparative fault and workers' compensation law. Those problems do not exist in this case.

We have long held that stare decisis "only applies with reference to decisions directly upon the point in controversy" and "only arises in respect of decisions directly upon the points in issue." *State ex rel. Pitts v. Nashville Baseball Club*, 127 Tenn. 292, 154 S.W. 1151, 1155 (1913) (quoting

---

1. What was at the time of *Ridings* a potential second reduction was eventually confirmed as a certainty by our decision in *Castleman v. Ross Eng'g, Inc.*, 958 S.W.2d 720 (Tenn.1997), in which we held that an employee need not be made whole before an employer could exercise its statutory right of subrogation.

2. We permit a manufacturer to explain that the employer's actions should absolve the manufacturer of all fault. The defense is therefore "all or nothing" since the manufacturer is not permitted to plead that the employer's fault should be apportioned. In- terestingly, that defense apparently is unavailable in tort cases involving third parties who are not "immune." We held in *George v. Alexander*, 931 S.W.2d 517 (Tenn.1996), that a defendant who wishes to introduce evidence that a person other than the defendant caused the plaintiff's injury must *affirmatively plead* comparative fault as a defense. *See id.* at 521. Simply defending on grounds that the defendant was not a proximate cause of the plaintiff's injuries does not entitle the defendant to shift blame to a non-party. *See id.*

*Pollock v. Farmers' Loan & Trust Co.*, 157 U.S. 429, 15 S.Ct. 673, 39 L.Ed. 759 (1895)). *Ridings* and *Snyder* decided issues that arose in a specific context not applicable to this case. The doctrine of stare decisis is therefore not implicated, and *Ridings* and *Snyder* may properly be limited to their respective facts. *See Carroll v. Whitney*, 14 S.W.3d 29 (Tenn.2000) (so limiting *Ridings* and *Snyder* ).

Indeed, the equally important doctrine of judicial restraint should compel us from deciding issues not before us. *See, e.g., Staten v. State*, 191 Tenn. 157, 232 S.W.2d 18, 20 (1950) (noting that Tennessee Supreme Court does not "render advisory opinions on questions which are premature and contingent and may never arise in the future"). It would not have been appropriate in either *Ridings* or *Snyder* for us to forecast our rulings in all cases involving comparative fault and "immune" non-parties. Accordingly, today's decision in no way departs from the rules announced in those cases. For these reasons, I join the majority's decision to reverse the Court of Appeals.

Chief Justice ANDERSON, dissenting.

The majority holds that a jury may allocate fault to a tortfeasor who asserts a defense of statute of repose, even though the plaintiff has no cause of action or remedy against that tortfeasor. The holding is based upon *Carroll v. Whitney*, 29 S.W.3d 14 (Tenn.2000), a just released opinion in which a majority of this Court completely reversed the course of our decisions in the area of comparative fault by concluding that the allocation of fault to an immune nonparty is consistent with the principle of linking a party's liability with his or her percentage of fault as established in *McIntyre v. Balentine*, 833 S.W.2d 52 (Tenn.1992).

In my view, both the trial court and the Court of Appeals correctly applied our decision in *Ridings v. Ralph M. Parsons Co.*, 914 S.W.2d 79 (Tenn.1996), and concluded that the jury may not allocate fault to a

tortfeasor who has successfully asserted a defense of statute of repose. As I wrote in dissent in *Carroll v. Whitney*, the majority's abrupt departure from *Ridings* is inconsistent with our decision in *McIntyre*, reflects a change in policy that undermines the consistency and reliability of this Court's decisions in the area of comparative fault, and violates the principle of *stare decisis*. Because the majority has now taken another misstep in its new direction, I must again dissent.

## ANALYSIS

### Comparative Fault Under McIntyre

The majority asserts that its holding follows the rule recently adopted in *Carroll v. Whitney*, 29 S.W.3d 14 (Tenn.2000). In *Carroll*, the majority held that a jury may allocate fault to individuals who had statutory immunity as state employees and were not parties to the lawsuit. The majority's decision was premised on, among other things, its view that the allocation of fault to an immune nonparty is consistent with the goal of linking a party's liability with his or her percentage of fault and, therefore, is more fair to defendants who are parties to the lawsuit.

As I observed in dissent, however, the majority's premise was based on a one-sided perspective of the comparative fault system established in *McIntyre*:

Contrary to the majority's depiction, *McIntyre* did not achieve the result of completely linking a party's liability with his or her degree of fault. We did not, for example, adopt a 'pure' system of comparative fault under which a plaintiff does not have to be less at fault than a defendant in order to recover. *McIntyre*, 833 S.W.2d at 57 ("We do not agree that a party should necessarily be able to recover in tort even though he may be 80, 90 or 95 percent at fault."). Thus, a plaintiff who is equally at fault or even slightly more at fault than a defendant may not recover.

*Carroll,* 29 S.W.3d at 22 (Anderson, C.J., dissenting). Our decision in *McIntyre,* therefore, examined matters of "policy and fairness to both plaintiffs and defendants." Although we did not adopt a pure system by which a party's liability is completely linked to his or her percentage of fault, we abolished the absolute defense of contributory negligence as well as the doctrine of joint and several liability. In contrast, the new course chosen by the majority has ignored the fairness foundation of *McIntyre* by focusing solely upon the impact of its decision as it affects fairness to defendants.

Moreover, prior to *Carroll* and the present case, this Court had relied upon its decision in *McIntyre* to reject the very same arguments now embraced by the majority with regard to allocating fault. In *Ridings,* we said that the "rationale of *McIntyre* postulates that fault may be attributed only to those persons against whom the plaintiff has a cause of action in tort." 914 S.W.2d at 81. Similarly, in *Snyder v. LTG Lufttechnische GmbH,* 955 S.W.2d 252, 256 (Tenn.1997), we said that "[t]here is no question that the Court in *Ridings* considered the 'fairness' arguments advanced here by the defendants and made a policy decision to leave immune [nonparties] out of the assessment of fault."

I therefore disagree with the Court's overruling the application of both *Ridings* and *Snyder* in all cases except workers' compensation cases. Indeed, it bears noting that the majority's justification regarding the unique effect of subrogation in workers' compensation cases is not discussed in either *Ridings* or *Snyder.* Thus, as I wrote in my dissenting opinion in *Carroll:*

> [O]ur comparative fault decisions beginning with *McIntyre* have been guided by policy and fairness concerns. As can be seen, *Ridings* was expressly based upon *McIntyre.* Nothing in *McIntyre* or *Ridings* has changed—the 'principle and procedure' remains the same. Only the

Court has changed, a majority of which has decided to adopt a different policy based on its view that *Ridings* is now inconsistent with *McIntyre* and unfair to defendants because it does not fully link a defendant's liability with its degree of fault. I cannot agree with this 180 degree change in course.

*Carroll,* 29 S.W.3d at 24 (Anderson, C.J.dissenting).

### *Statute of Repose*

A statute of repose is a period of time designated by the legislature for the filing of a cause of action by a plaintiff in certain types of cases. *E.g.,* Tenn.Code Ann. § 28-3-202 (four year statute of repose applicable to the present case). As the majority concedes, the expiration of a statute of repose may bar a plaintiff's claim even before the claim accrues. *Cronin v. Howe,* 906 S.W.2d 910, 913 (Tenn.1995). A successful statute of repose defense, therefore, bars a plaintiff's cause of action as a matter of law and nullifies both the remedy and the right. *Id.,* at 912–913; *Wyatt v. A–Best Products Co.,* 924 S.W.2d 98, 102 (Tenn.App.1995).

In short, a tortfeasor who successfully asserts a defense of statute of repose is similar to one who successfully asserts a defense of statutory immunity. In either case, a plaintiff has no cause of action and can assess no portion of fault against that tortfeasor. The majority, however, has now determined that a defendant is permitted to argue that fault be allocated to this tortfeasor. Again, as I wrote in dissenting from this conclusion in *Carroll:*

> [T]he majority's decision also fails to take into account the implications of immunity. The decision to extend immunity to a person or entity … is generally a legislative determination that, in theory, benefits the public as a whole. In the context of litigation, however, it creates a risk of loss that is borne by a plaintiff who cannot recover in tort from the immune person or entity. In *Ridings,* we balanced the risk by holding

that a defendant, like the plaintiff, cannot assign fault to an immune nonparty. Without any new or intervening reason, the majority has now completely reversed course and has placed the entire risk of loss on the plaintiff.

*Carroll,* 29 S.W.3d at 24 (Anderson, C.J., dissenting).

As it did in *Carroll,* the majority rationalizes that its conclusion will "achieve the fairest possible result." It would appear, however, that it achieves the "fairest result possible" only when viewed from the perspective of a defendant, because, under the majority's newly created rule, the plaintiff has no cause of action and cannot recover from the immune or reposed nonparty while the defendant is permitted to assign fault to the tortfeasor who has successfully asserted immunity or a statute of repose defense.

If this Court wished to drastically change policy to achieve the fairest possible result, two changes would be required in my view. One would be to eliminate the rule that completely bars the plaintiff from recovery if he or she is 50 percent or more at fault and to adopt pure comparative fault. The only class of persons under *McIntyre* who suffer financially out of proportion to their fault is the plaintiff who is 50 percent or more at fault. Secondly, when the legislature extends immunity to wrongdoers in the form of absolute immunity or a statute of repose on the theory that it benefits all of society, why should the plaintiff bear the entire risk of loss? The Uniform Comparative Fault Act, section 6, for example, suggests a fairer approach that would distribute the fault of immune or reposed nonparties between all the parties at fault including the plaintiff.

As these options are not a part of the majority's new fairness formula, I continue to favor the *Ridings* solution because it is a reasonable approach and because as I said in *Carroll:*

All of the people of Tennessee, its citizens and corporations, its bench and bar, have relied on the rules laid down in *McIntyre, Ridings,* and their progeny, as have those who have made subsequent laws and have made choices in reliance on these principles. The rules have worked and will work in practical terms and to repudiate them will cause serious inequity and hardship. Because neither the facts nor the circumstances nor the surrounding legal principles have changed, this Court's reexamination of this case has no justification beyond a present doctrinal decision to reach a different result from the unanimous *Ridings* Court. That is a grossly inadequate basis for overruling a prior case and is a threat to the institutional consistency of the Supreme Court.

*Carroll,* 29 S.W.3d at 25-26 (Anderson, C.J., dissenting).

### *CONCLUSION*

In my view, the majority's abrupt departure from *Ridings* is inconsistent with our decision in *McIntyre,* reflects a change in policy that undermines the consistency and reliability of this Court's decisions in the area of comparative fault, and violates the principle of *stare decisis.* I would adhere to and follow the rule in *Ridings* and affirm the judgment of the Court of Appeals.

I therefore dissent.